Argued and submitted November 25, 1996, affirmed January 22, 1997

OLNEY SCHOOL DISTRICT 11,
*Petitioner,*

*v.*

OLNEY EDUCATION ASSOCIATION,
*Respondent.*

(UP-37-95; CA A92551)

931 P2d 804

Nancy J. Hungerford argued the cause for petitioner. With her on the brief were Andrea L. Hungerford and Bischof & Hungerford.

Monica A. Smith argued the cause for respondent. With her on the brief was Smith, Gamson, Diamond & Olney.

Before Richardson, Chief Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

Petitioner Olney School District 11 (District) seeks judicial review of an order of the Employment Relations Board (ERB) holding that District violated ORS 243.672(1)(e) and ordering District to provide respondent Olney Education Association (Association) with tape recordings of the portions of school board executive sessions that are of "probable or potential relevance" to a pending grievance by Association. We affirm.

The parties stipulated to the following facts:

"1.   The Association, a labor organization, is the exclusive representative of a bargaining unit of teachers employed by the District.

"2.   The District is a public employer. Marilyn Pheasant is the superintendent of the District.

"3.   The Association and the District are parties to a collective bargaining agreement with a term of September 1, 1993 through August 31, 1995.

"4.   The collective bargaining agreement contains a complaint procedure in Article XII, which provides in part:

" 'All complaints regarding a teacher made to any member of the administration shall be written and signed by the complainant. Should this complaint be used in any manner in evaluating a teacher, it will be promptly investigated and called to the attention of said teacher. The teacher will be given an opportunity to respond to and/or rebut such complaint.'

"The complaint procedure includes an informal step and several formal steps. The final step allows a teacher to submit unresolved disputes to the contractual grievance procedure.

"5.   The District's school board meets on a monthly or semi-monthly basis. Each school board meeting generally includes an executive session called pursuant to ORS 192.660, which permits the governing body of a public agency to hold executive sessions for certain matters.

"In particular, ORS 192.660(1)(b) allows executive sessions '[t]o consider the dismissal or disciplining of, or to

hear complaints or charges brought against, a public officer, employee, staff member or individual agent, unless such public officer, employee, staff member or individual agent requests an open hearing.'

"6. During the time period from October 18, 1993 through February 22, 1995, the District's school board held 20 executive sessions. The school board relied on ORS 192.660(1)(b) as justification for 18 of those executive sessions. During this time period, the District never notified any Association members that any of the executive sessions were for the purpose of hearing complaints or charges brought against them.

"7. On or about March 3, 1995, the Association filed a grievance alleging that the District had violated Article XII of the collective bargaining agreement by addressing complaints about teachers in executive session without following the procedure contained in the contract. That grievance is currently pending.

"8. By letter dated March 3, 1995, to the school board and superintendent, the Association requested the District to provide copies of the tapes of executive sessions held on 12 dates during 1994 and 1995, all of which were dates on which the school board cited ORS 192.660(1)(b) as the basis for the executive session.

"9. By letter dated March 9, 1995, the Association reiterated its request for the executive session tapes, citing ORS 243.672(1)(e) as the basis for its request.

"10. In conversations on March 8 and 10, and by letter dated April 4, 1994, Superintendent Pheasant refused to supply the executive session tapes that the Association requested."

When District refused to supply copies of the executive session tapes, Association filed an unfair labor practice complaint with ERB. ERB held that District's refusal violated ORS 243.672(1)(e), which provides that it is an unfair labor practice to "refuse to bargain collectively in good faith with the exclusive representative."[1] ERB concluded that

---

[1] ORS 243.650(4) defines the term "collective bargaining" as "the performance of the mutual obligation of a public employer and the representative of its employees to meet at reasonable times and confer in good faith with respect to employment relations * * *." ORS 243.650(7)(a) states that " '[e]mployment relations'

"District had the duty to provide the information requested, but not necessarily *all* portions of the tapes of the executive sessions. *The Association is entitled to receive only those portions of the executive session tapes which are of probable or potential relevance to the pending grievance.* We will direct the District to provide a copy of the tapes at issue to this Board for an *in camera* review by an ALJ. Portions of any tapes which concern complaints or discipline against teachers would be of *probable or potential relevance* to the Association's grievance; copies of those portions of the tapes will be provided to the Association." (Underscored emphasis supplied.)

On appeal, the parties disagree only about whether ERB set the proper standard for the release of information. District contends that ERB has set too low a standard and that ERB should require release of information in a grievance situation only if that information is "reasonably necessary to allow pursuit of a valid grievance." District also contends that ERB should balance the interests of the parties in determining whether the requested information should be disclosed and that ERB failed to do so in this case. Association responds that ERB correctly interpreted ORS 243.672-(1)(e) and that, because interpretation of what constitutes an unfair labor practice is an area in which ERB has specialized expertise, ERB's interpretation is entitled to judicial deference. Association also argues that by ordering District to release only those portions of the executive session tapes pertaining to complaints against teachers represented by Association, ERB properly considered and balanced the interests of both District and Association.

■ By using the phrase "bargain collectively in good faith with the exclusive representative," in ORS 243.672-(1)(e), the legislature expressed a general legislative policy and delegated to ERB the responsibility to complete that policy by specifying what constitutes bargaining collectively in good faith. *Springfield Education Assn. v. School Dist.*, 290 Or 217, 230, 621 P2d 547 (1980). We review to determine

includes, but is not limited to, matters concerning direct or indirect monetary benefits, hours, vacations, sick leave, grievance procedures and other conditions of employment."

whether ERB's interpretation is within the range of discretion allowed by the general policy of the statute. *Id.* at 229.

█      In its order, ERB explained that in reviewing complaints alleging a refusal to provide information, it considers four factors: the reason for the request; the ease or difficulty of producing the information; the kind of information requested; and the history of the parties' labor-management relations. ERB considered three of the four factors in this case[2] and concluded that the information Association seeks is necessary to evaluate the grievance Association filed under Article XII of the parties' contract. ERB rejected District's "reasonably necessary" standard for release of information, because that standard would require ERB to make a preliminary ruling on the merits of Association's grievance, which is not ERB's function. We conclude that ERB's interpretation of the requirements of ORS 243.672(1)(e) in the context of release of information in a grievance situation was within its discretion.

District next contends that even if the "probable or potential relevance" test is a permissible interpretation of ORS 243.672(1)(e), ERB failed to apply that test correctly. We disagree. There is a basis in the record to support ERB's determination that there is a link between Association's request for the tapes and the requirements of the complaint procedure. ORS 183.482(8)(c).

Affirmed.

---

[2] There was no evidence in the record regarding the parties' labor relations history.